**Opinions of the United States Court of Appeals for the Third Circuit**



10-11-2005

# Carrasquillo v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carrasquillo v. Comm Social Security" (2005). *2005 Decisions.* Paper 437.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/437

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

04-3579
_____


DINNA CARRASQUILLO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

(D.C. Civ. No. 02-cv-05125)
District Judge:  The Honorable Joel A. Pisano

Argued May 27, 2005

Before:  SCIRICA, Chief Judge, ALITO, and GARTH, Circuit Judges

(Filed: October 11, 2005)

_____

OPINION
_____

Abraham S. Alter, Esq. (Argued)
Langton & Alter
2096 St Georges Avenue
P.O. Box 1798
Rahway, New Jersey 07065

Counsel for Appellant

Ellen Sovern, Esq. (Argued)
Special Assistant U.S. Attorney
Social Security Administration
Office of General Counsel
Region II
26 Federal Plaza
New York, NY    102798

Peter G. O'Malley, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

Counsel for Appellee

PER CURIAM:

This is an appeal from a District Court order affirming a final decision of the Commissioner of the Social Security Administration, which denied a claim for Supplemental Security Income ("SSI").  In this case, the ALJ followed the familiar five-step process for evaluating disability claims and concluded that the claimant was not disabled.  The Appeals Counsel then denied the claimant's request for review.

On appeal, the claimant first argues that the ALJ did not properly evaluate whether she has an impairment or combination of impairments that meet or equal an impairment listed in 20 CFR, Part 404, Subpart P, Appendix 1.  We disagree.  As the ALJ correctly

2

observed, no treating or examining physician found impairments equivalent in severity to the criteria of any listed impairment in Appendix 1. Moreover, the claimant does not even argue that she meets or equals the requirements in any of the listings in Sections 1.00 or 4.00.

The claimant does assert that she meets the requirements of Section 12.04 (Affective Disorders) because she has "a major depression with recurrent psychosis." Appellant's Br. at 14. While she cites some supporting evidence, she fails to address other contradictory evidence supporting the ALJ's conclusion that she did not meet listing 12.04. This evidence included Doctor Perdomo's findings that the claimant's thought processes were focused and organized, that she was oriented and spoke relevantly, and that her short- and long-term memories were good. Another physician, Doctor Medrano, found that the claimant's mental status was good, as was her ability to relate to and socialize with other people, her ability to maintain concentration and attention, and her memory. We conclude that there is substantial evidence to support the ALJ's finding on this point.

The claimant also contends that the ALJ did not properly find that she has the residual functional capacity to perform medium work involving no more than simple, repetitive tasks. Again, we must disagree. In reaching his conclusion, the ALJ discussed and relied on both the medical and other evidence of record. The ALJ noted that the claimant controlled her hypertension and chest pain with medication; that, despite a

hospitalization for "a typical chest pain" she had no abnormalities on examination; that despite her complaints of back and leg pain, her back and hip x-rays were all normal; and that no doctor had assessed any limitations on her ability to perform physical work-related activities.

With regard to her ability to perform mental activities, the ALJ noted, among other medical evidence, the positive assessments of Doctors Medrano and Dr. Perdomo. The ALJ also noted that the findings of two state agency psychologists were consistent with the conclusion that the claimant had the requisite mental and social skills to perform competitive and remunerative unskilled labor. The state agency psychologists found that she was not significantly limited in her ability to remember locations and procedures; to understand, remember, and carry out very short and simple instructions; to work in coordination with or proximity to other persons without being distracted by them; to make simple work-related decisions; to interact appropriately with the general public; to ask simple questions or request assistance; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; and to be aware of normal hazards and take appropriate precautions. We have considered all of the claimant's arguments regarding the ALJ's finding regarding residual functional capacity and find no basis for reversal.

The claimant argues that the ALJ erred in finding that there were a significant

number of jobs in the national economy that she could perform.  The claimant faults the ALJ for relying on the Social Security Administration's medical-vocational guidelines in making this determination.  We heard oral argument on this issue but held this appeal pending the decision of another panel in Allen v. Barnhart, 417 F.3d 396 (3d Cir. 2005).  In light of that decision, we must reject the claimant's argument.

We have considered all of the claimant's arguments but find no basis for reversal.  For this reason, the order of the District Court is affirmed.